**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**



| | |
|---|---|
| WENDY BASSETT,<br><br>Plaintiff,<br><br>v.<br><br>M/Y YES PLEASE, a 47.3 Foot Meridian Motor Yacht, et al.,<br><br>Defendants. | Case No.: 25-cv-02237-DMS-DDL<br><br>**ORDER VACATING ORAL ARGUMENT; GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIAL OF DEFAULT JUDGMENT AGAINST DEFENDANT DC INTERNATIONAL ENTERPRISES LLC; ENTERING DEFAULT JUDGMENT**<br><br>**[ECF No. 9]** |

On January 9, 2026, the Court denied without prejudice Plaintiff's motion for default judgment. (ECF No. 8.) Plaintiff now moves for reconsideration of that Order. (Mot., ECF No. 9.) The motion is set to be heard on March 27, 2026, at 1:30 p.m. (*Id.*) Defendant DC International Enterprises LLC ("DC International") has not appeared in this case and did not respond to the motion. Because the matter is suitable for resolution without oral argument, the Court vacates the hearing. S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court grants Plaintiff's motion and enters default judgment.

## I.    BACKGROUND

Plaintiff is the beneficiary of a Marital Settlement Agreement and Judgment dated October 31, 2024 ("Judgment").  (Compl., ECF No. 1, ¶ 7.)  Per the Judgment, Plaintiff was to be awarded all interest in the Vessel Yes Please, a 2003 Meridian 49 Motor Yacht, U.S.C.G. Official No. 1137959 ("Vessel") from Dwight Chornomud, and his company, WD Enterprises, LLC ("WD Enterprises").  (*Id.*)  The Vessel was to be transferred free and clear of any liens.  (*Id.* ¶¶ 8, 9.)  The Judgment explicitly states that Chornomud must remove any and all mechanic's liens recorded against the Vessel and cannot, by himself or through a third party, place additional liens or encumbrances on the Vessel.  (*Id.* ¶ 9.)  On or about April 24, 2025, DC International filed with the United States Coast Guard Vessel Documentation Center a Notice of Claim of Lien on the Vessel in the amount of $150,000 ("Lien").  (*Id.* ¶ 10.)  Chornomud was the "Organizer" and sole member and manager of DC International. (*Id.* ¶¶ 12, 13.)  The Lien was filed "solely for the purpose of frustrating the transfer of the Vessel's interests from W.D. Enterprises to [Plaintiff]."  (*Id.* ¶ 15.)  Plaintiff argues that the Lien is invalid because DC International "never provided any goods or services on the order of owner of the [Vessel] or any person authorized by the owner"; "never had a maritime contract with the owner of the [Vessel] or any person authorized by the owner"; and "does not hold a Ship's Preferred Mortgage on the [Vessel]."  (*Id.* ¶ 16.)  The Lien is a cloud on the title of the Vessel and is preventing the transfer of the interest owned by WD Enterprises to Plaintiff.  (*Id.* ¶ 17.)  Further, Plaintiff cannot locate Chornomud because he passed away in May 2025.  (*See id.* ¶ 14; Mot. 3.)

Plaintiff filed her Complaint on August 28, 2025, seeking declaratory judgment that the purported Lien asserted by DC International against the Vessel is invalid and unenforceable.  She served DC International on September 4, 2025.  (ECF No. 3.)  Following DC International's failure to respond, the Clerk of Court entered default on September 30, 2025. (ECF No. 5.)  Plaintiff thereafter moved for default judgment.  (ECF No. 4.)  The Court denied without prejudice Plaintiff's motion for default judgment because Plaintiff failed to adequately address the *Eitel* factors.

## II.    LEGAL STANDARDS

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1]  However, a motion for reconsideration may be construed as a motion to amend judgment under Federal Rule of Civil Procedure 60(b).  *See In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  Rule 60(b) states that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiff argues the Court should reconsider her motion for default judgment because she has now come forward with "new and clarifying information addressing all seven *Eitel* . . . factors." (Mot. 2.)  The Court agrees.

### B. Default Judgment

The Clerk of the Court is required to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court.  However, "[a] plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted."  *United States v. Boyce*, 148 F. Supp. 2d. 1069, 1093 (S.D. Cal. 2001) (internal citations omitted).

---

[1] Local Rule 7.1(i) permits a party to move for reconsideration "[w]henever any motion . . . has been made to any judge and has been refused in whole or in part."  S.D. Cal. Civ. R. 7.1(i).  The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

3

25-cv-02237-DMS-DDL

In exercising that discretion, courts consider the following factors:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)).

When analyzing motions for default judgment, "well-pled allegations in the complaint regarding liability are deemed true," and the "district court is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citations omitted). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). While "default judgments are ordinarily disfavored," *Eitel*, 782 F.2d at 1472, "[a]s a practical matter, default judgments are granted more often than denied." Judge Karen L. Stevenson & James E. Fitzgerald, *Rutter Practice Guide: Federal Civil Procedure Before Trial (Calif. and 9th Cir. Edition)* ¶ 6:102 (April 2024).

## III.    DISCUSSION

### A. Possibility of Prejudice to Plaintiff

Plaintiff contends that she will suffer prejudice without default judgment because she "is the rightful owner" of the Vessel and the "fraudulent lien . . . prevents ownership and enjoyment of her property rights." (Mot. 2.) The Court agrees. A denial of default judgment would prejudice Plaintiff by "clouding the title of the Vessel and impairing its use and marketability." *Ripka v. Robert E. Landweer & Co.*, No. 6:24-CV-01638-MTK, 2025 WL 1084262, at *1 (D. Or. Apr. 10, 2025). Thus, the first factor weighs in favor of default judgment.

25-cv-02237-DMS-DDL

## B. Merits and Sufficiency of Claims

The second and third *Eitel* factors—the merits of Plaintiff's claims and the sufficiency of the Complaint—are considered together "given the close relationship between the two inquiries." *Kemper Indep. Ins. Co. v. Boyer*, No. 22-cv-1458 MCE DB, 2023 WL 4014658, at *3 (E.D. Cal. June 15, 2023). "These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover." *Id.* Here, Plaintiff brought a cause of action for declaratory relief, alleging that the Lien is invalid under maritime law. (Compl. ¶ 18; Mot. 3.) As alleged, the Vessel was to be transferred to Plaintiff free and clear of any liens, (Compl. ¶¶ 8, 9), and yet DC International filed the Lien. (*Id.* ¶ 10.) DC International "never provided any goods or services on the order of owner of the [Vessel] or any person authorized by the owner"; "never had a maritime contract with the owner of the [Vessel] or any person authorized by the owner"; and "does not hold a Ship's Preferred Mortgage on the [Vessel]." (*Id.* ¶ 16.) Thus, the Lien is invalid. Accepting the factual allegations as true—as is required of the Court—Plaintiff adequately pled a cause of action for declaratory relief. Accordingly, the second and third *Eitel* factors weigh in favor of Plaintiff.

## C. Sum of Money at Stake

"Where a large sum of money is at stake," the fourth factor "disfavors default judgment." *Kemper*, 2023 WL 4014658, at *4; *see also Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 889 (S.D. Cal. 2021) ("Default judgment is disfavored when a large amount of money is involved, or the amount sought appears unreasonable in light of the potential loss caused by the defendant's actions."). Here, Plaintiff does not seek monetary judgment, but rather a declaration that the Lien is invalid. (Mot. 3); *see also Ripka*, 2025 WL 1084262, at *2. Further, while the Lien is valued at $150,000, (Mot. 3), "[r]elief is proportional to the harm caused because Plaintiff is seeking only to clear the vessel of the liens, and is not seeking any additional amount for [DC International's] failure to pursue [her] claims or respond to the Complaint. *Gunn Pac. Reflection LLC v. Johnsen*,

No. 218CV06842ODWJPRX, 2019 WL 2501476, at *3 (C.D. Cal. June 17, 2019). Thus, the fourth *Eitel* factor favors default judgment.

### D. Possibility of Dispute

When "a defendant fails to answer and provide the court with any material facts," "courts routinely find that no material issue of fact exists." *Epstein v. Cooley*, No. 22-cv-273 AJB JLB, 2023 WL 6371026, at *6 (S.D. Cal. Apr. 18, 2023); *T-C F. at Carlsbad, LLC v. Thomas Enters., Inc.*, No. 16-cv-2119 DMS (BGS), 2017 WL 3492159, at *2 (S.D. Cal. Aug. 14, 2017) (deciding "because Defendant has refused to participate in this lawsuit, no possibility of dispute concerning material facts has been presented"). So too here; DC International has not appeared in this action. This factor supports Plaintiff's motion.

### E. Whether Default was Due to Excusable Neglect

The question of what conduct "constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1110 (9th Cir. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). There is "little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." *Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201–02 (C.D. Cal. 2018). Here, Plaintiff contends that Plaintiff was properly served on September 4, 2025. (Mot. 3; ECF No. 3.) Plaintiff provided adequate notice of this action, yet Defendant failed to appear and defend itself. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (holding "a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence"). This factor thus weighs in favor of default judgment.

### F. Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor considers the strong policy that cases should decided on the merits "whenever reasonably possible." *Eitel*, 782 F.2d at 1472. While this factor weighs against granting default judgment, it "is not enough to preclude imposition of this sanction

when the other . . . factors weigh in its favor." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002); *see also Kelly v. Hickman*, No. 19-cv-01733-JAD-DJA, 2021 WL 9316350, at *4 (D. Nev. Aug. 24, 2021) (finding default judgment is warranted because although the "final *Eitel* factor usually weighs against entry of default judgment, it does not preclude me from entering one and is outweighed by the other factors here"). The other factors weigh in favor of default judgment. As a result, the Court finds default judgment is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Court **VACATES** the March 27, 2026 hearing; **GRANTS** Plaintiff's motion for reconsideration; and **ENTERS** default judgment declaring that DC International's purported Lien against the Vessel is invalid and unenforceable. The Clerk shall enter Judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

Hon. Dana M. Sabraw
United States District Judge

25-cv-02237-DMS-DDL